UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM J. EINHORN, Administrator of Teamsters Health & Welfare Trust Fund of Philadelphia & Vicinity and Teamsters Pension Trust Fund of Philadelphia & Vicinity,<br><br>        Plaintiff,<br><br>    v.<br><br>SCOTT MARTIN LANDSCAPING,<br><br>        Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 14-5219 (JEI/KMW)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (Dkt. No. 5)** |

**APPEARANCES:**

MARKOWITZ & RICHMAN
R. Matthew Pettigrew, Jr.
123 South Broad Street
Suite 2020
Philadelphia, PA 19109
     Counsel for Plaintiff


**IRENAS**, Senior District Judge:

    This matter having appeared before the Court upon Plaintiff's Motion for Entry of Default Judgment (Dkt. No. 5); the Court having reviewed the motion; and it appearing that:

    1.   Teamsters Health and Welfare Fund of Philadelphia and Vicinity and Teamsters Pension Trust Fund of Philadelphia and Vicinity ("the Funds") are trust funds established within the meaning of 29 U.S.C. § 186(c)(5), and "multiemployer plans" and

1

"employee benefit plans" within the meaning of 29 U.S.C. §§ 1002(3) and (37).

2. Plaintiff William J. Einhorn is an administrator and fiduciary in respect to the Funds within the meaning of 29 U.S.C. § 1002(21)(A), who is authorized to bring this action on behalf of all Trustees of the Fund.

3. Defendant, Scott Martin Landscaping, is a Pennsylvania business entity with a place of business at 100 Palace Court, Chalfont, Pennsylvania, 18914.

4. According to the Complaint, Defendant is a signatory to a Collective Bargaining Agreement ("the Agreement"). Under the terms of the Agreement, Defendant is required to make contributions to the Funds.

5. Plaintiff alleges that Defendant violated the Agreement by failing to pay contributions for the years 2012 and 2013. Plaintiff commenced this action on August 20, 2014, by filing a Complaint and issuing a Summons. (Dkt. Nos. 1 & 2)

6. Defendant was served a copy of the Summons and Complaint on August 22, 2014. (Dkt. No. 3) Defendant failed to file a responsive pleading to the Complaint pursuant to the Rules.

7.   On September 26, 2014, Plaintiff filed a Request to the Clerk to Enter a Default Judgment pursuant to Fed. R. Civ. P. 55(a).  (Dkt. No. 4)  The Clerk entered a Default on September 26, 2014.  Plaintiffs moved for judgment by default under Fed. R. Civ. P. 55(b)(2) on October 14, 2014.  (Dkt. No. 5)  To date, Defendant has not made any attempt to contest the Motion for Default or respond in any way to the Summons and Complaint.

8.   Plaintiff has provided itemized statements listing all delinquent contributions, attorney's fees, and costs. (Pettigrew Decl. ¶¶ 10-12, Ex. A)  According to these statements, Plaintiff is entitled to $11,658.00 in unpaid benefit contributions, $2,610.00 in attorney's fees, and $435.00 in litigation costs.  (*Id.* ¶ 15)

9.   In total, Defendant owes Plaintiff $14,703.00.

10.  For the reasons given above, the Court will Grant Plaintiff's Motion for Entry of Default Judgment.  And for good cause shown;

IT IS on this 12th day of March, 2015,

   **ORDERED THAT:**

   (1)  Plaintiff's Motion for Entry of Default Judgment is
         hereby **GRANTED**;

3

(2)  Monetary judgment is hereby **AWARDED** to Plaintiff and against Defendant in the amount of $14,703.00;

(3)  Plaintiff shall serve a copy of this Order and accompanying Judgment on Defendant within seven (7) days;

(4)  This Court retains jurisdiction to enforce this Order until the expiration of one year from the date hereof or such later date as may be ordered by the Court on motion of any party;

(5)  The Clerk of Court is hereby directed to **CLOSE THIS FILE**.

                                               s/ Joseph E. Irenas
                                      **Joseph E. Irenas, S.U.S.D.J.**